UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In Re                           )
                                ) NO. 10-03403
GAMBLE, Thomas L.               )
                                ) MOTION AND NOTICE FOR
         Debtor(s).             ) ORDER AVOIDING JUDGMENT
                                ) LIEN/CLOUD ON HOMESTEAD
                                ) TITLE

COMES NOW the debtor by and through attorney, VANNOY CULPEPPER, and moves the court pursuant to 11 USC 522(f)(1) and Local Rule 4003-2 and RCW 6.13.090 for an order avoiding a judgment lien and cloud on title against the debtor's homestead as follows:

1. A judgment was entered against the debtor in Klickitat County Superior Court Case No. 08-3-0029-9 in the case of Thomas Gamble, Petitioner and Dawn Gamble, Respondent, Judgment No. 09-9-00412-0 in the original amount of $36,014.00.

2. The judgment creates a cloud on the debtor's homestead title. The existence of this cloud on the debtor's title impairs an exemption or is not an effective lien pursuant to RCW 6.13.090 and RCW 4.56.190 which requires that a judgment must be recorded with Klickitat County Auditor's office in order for it to be an effective lien against the debtor's homestead.

3. The judgment creditor in this case did not record the above described judgment with the Klickitat County Auditor's office, and therefore there is no lien and any cloud on title or lien should be removed and avoided.

4. The existence of this cloud on the debtor's property impairs the debtor's homestead exemption pursuant to RCW 6.13.030.

5. The property which is impaired by the exemption is the debtor's homestead is located in Klickitat County, Washington and described as follows:

*Motion and Notice to*
*Avoid Judgment Liens - 1*

*VanNoy Culpepper*
*3908 Creekside Loop #125*
*Yakima, WA  98902*
*(509)457-2490*

Commonly known as 202 Hoctor Road, Goldendale,
Washington, and legally described as follows:
Lot 2, SHORT PLAT NO. SPL-2001-00042.
According to the Plat thereof, recorded in Book 2,
Page 518, Klickitat County Short Plat Records.
Parcel No. 03-16-0250-0002/00

6. The value of the real property encumbered: $168,500.00
   Other Liens against the property:
   Chase Mortgage                               $128,000.00
   <u>Net Equity:</u>                          $ 40,500.00
   Claimed Exemption
   (100% up to $125,000.00)                    $ 40,500.00

7. The debtor is entitled to an order avoiding and canceling any alleged judgment lien and removing the cloud on the debtor's homestead title.

In the event any party in interest, including any creditor has an objection to this motion, then the objecting party must file an objection with the clerk's office at P.O. Box 2164, Spokane, WA 99210 and serve a copy on the undersigned on or before TWENTY-FOUR (24) days from the date of this notice, per LR 4003-2. The objection should set forth the grounds for objecting thereto. In the event no objection is received prior to 24 days from the date of this notice, an order providing for the relief requested as set forth in the motion herein shall be presented ex parte to the court for signature.

In the event a timely objection is received, a preliminary hearing will be set.

DATED: 12/7/10

By: /s/ VanNoy Culpepper
VanNoy Culpepper, WSBA #11565
Attorney for Debtor

*Motion and Notice to*
*Avoid Judgment Liens* - 2

*VanNoy Culpepper*
*3908 Creekside Loop #125*
*Yakima, WA  98902*
*(509)457-2490*

I, VanNoy Culpepper, under penalty of perjury of the laws of the State of Washington, hereby state that the following is true and correct to the best of my knowledge and belief.

1. The facts contained in the above motion are true and correct.

2. In accordance with the debtor's Schedule A, the property referenced herein is the debtor's homestead. Attached hereto as Exhibit "A" is a copy of the "Summary Appraisal Report" prepared by certified appraiser John Laxson showing that the current fair market value of the property is no more than $168,500.00. In accordance with the debtor's Schedule D (secured claims), Chase Mortgage holds a first mortgage against the property in the amount of $128,000.00.

3. Attached hereto as Exhibit "B" is a copy of the Decree of Dissolution which awards a money judgment to Dawn Gamble in the amount of $36,014.00.

/s/ VanNoy Culpepper
VanNoy Culpepper
Attorney for Debtor

*Motion and Notice to*
*Avoid Judgment Liens* - 3

*VanNoy Culpepper*
*3908 Creekside Loop #125*
*Yakima, WA  98902*
*(509)457-2490*

10-03403-FLK13    Doc 58    Filed 12/07/10    Entered 12/07/10 15:35:08    Pg 3 of 15



## SUMMARY APPRAISAL REPORT

OF THE REAL PROPERTY LOCATED AT

202 Hoctor Rd
Goldendale, WA 98620-4306

for

Tom L. Gamble
202 Hoctor Rd
Goldendale, WA
98620

as of

10/19/2010

by

John Laxson
P.O. Box 285
North Bonneville, WA 98639

Laxson Appraisal Service

Laxson Appraisal Service
P.O. Box 285
North Bonneville, WA 98639
509-427-4836

October 28, 2010

Tom L. Gamble
202 Hoctor Rd
Goldendale, WA
98620

| | |
|---|---|
| Property - | 202 Hoctor Rd |
| | Goldendale, WA 98620-4306 |
| Client - | Gamble, Tom L |
| File No. - | 8338 |
| Case No. - | |

Dear :

In accordance with your request, I have prepared an appraisal of the real property located at 202 Hoctor Rd, Goldendale, WA.

The purpose of the appraisal is to provide an opinion of the market value of the property described in the body of this report.

Enclosed, please find the Summary Report which describes certain data gathered during our investigation of the property. The methods of approach and reasoning in the valuation of the various physical and economic factors of the subject property are contained in this report.

An inspection of the property and a study of pertinent factors, including valuation trends and an analysis of neighborhood data, led the appraiser to the conclusion that the market value, as of 10/19/2010 is :

$168,500

The opinion of value expressed in this report is contingent upon the Limiting Conditions attached to this report.

It has been a pleasure to assist you. If I may be of further service to you in the future, please let me know.

Respectfully submitted,

Laxson Appraisal Service

John Laxson
WA Certification #1700935

# Uniform Residential Appraisal Report

File # 8338

The purpose of this summary appraisal report is to provide the client with an accurate, and adequately supported, opinion of the market value of the subject property.

## SUBJECT

| Field | Value |
|---|---|
| Property Address | 202 Hoctor Rd |
| City | Goldendale |
| State | WA |
| Zip Code | 98620-4306 |
| Owner | Not Applicable |
| Intended User | Gamble, Tom L |
| County | Klickitat |
| Legal Description | Lot 2, ShortPlat 2001-42 |
| Assessor's Parcel # | 03-16-0250-0002/00 |
| Tax Year | 2010 |
| R.E. Taxes $ | 1,293.99 |
| Neighborhood Name | Hoctor |
| Map Reference | T3NR16E Sec 02 |
| Census Tract | 9501 |
| Occupant | [X] Owner [ ] Tenant [ ] Vacant |
| Special Assessments | $N/A |
| PUD | HOA $N/A [ ] per year [ ] per month |
| Property Rights Appraised | [X] Fee Simple [ ] Leasehold [ ] Other (describe) |
| Intended Use | For Court Action Bankruptcy |
| Client | Tom L. Gamble |
| Address | 202 Hoctor Rd, Goldendale, WA 98620 |

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of the appraisal? [ ] Yes [X] No

Report data source(s) used, offering price(s), and date(s). RMLS

## CONTRACT

[ ] did [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed. N/A

Contract Price $ N/A   Date of Contract N/A   Is the property seller the owner of public record? [ ] Yes [ ] No   Data Source(s) N/A

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the client? [ ] Yes [ ] No
If Yes, report the total dollar amount and describe the items to be paid. N/A

## NEIGHBORHOOD

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | One-Unit Housing Trends | One-Unit Housing | Percent Land Use % |
|---|---|---|---|
| Location: [ ] Urban [ ] Suburban [X] Rural | Property Values: [ ] Increasing [X] Stable [ ] Declining | PRICE $(000) / AGE (yrs) | One-Unit 20.0 % |
| Built-Up: [ ] Over 75% [ ] 25-75% [X] Under 25% | Demand/Supply: [ ] Shortage [X] In Balance [ ] Over Supply | 150 Low 1 | 2-4 Unit 0.0 % |
| Growth: [ ] Rapid [X] Stable [ ] Slow | Marketing Time: [ ] Under 3 mths [ ] 3-6 mths [X] Over 6 mths | 450 High 99 | Multi-Family 0.0 % |
| Neighborhood Boundaries ***See Extended Comments*** | | 190-250 Pred 35-50 | Commercial 0.0 % |
| | | | Other Vac 80 % |

Neighborhood Description: The subject's market place are those residential properties developed on acreage parcels though out market area.

Market Conditions (including support for the above conclusions) *** See Additional Comments ***

## SITE

Dimensions 676.34 x 1288.60 x 671.51 x 1299.64   Area 20 Acres +/-   Shape Rectangular   View Territorial
Specific Zoning Classification EA   Zoning Description Extensive Agriculture ( 20 Acres Minimum Site)
Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe
*** See Additional Comments ***

| Utilities | Public | Other (describe) | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|
| Electricity | [X] | PUD | Water [ ] [X] Well | Street Asphalt | [X] | |
| Gas | [ ] | None | Sanitary Sewer [ ] [X] Septic | Alley None | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No   FEMA Flood Zone C   FEMA Map No. 5300990450B   FEMA Map Date 1981-07-02
Are the utilities and off-site improvements typical for the market area? [X] Yes [ ] No If No, describe *** See Additional Comments ***
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No If Yes, describe
*** See Additional Comments ***

## IMPROVEMENTS

| General Description | Foundation | Exterior Description materials/condition | Interior materials/condition |
|---|---|---|---|
| Units [X] One [ ] One with Accessory Unit | [ ] Concrete Slab [ ] Crawl Space | Foundation Walls Concrete/Avg | Floors Crpt/Vnl/IIdWd/Fair |
| # of Stories One | [X] Full Basement [ ] Partial Basement | Exterior Walls Lap/Fair | Walls Drywall/Avg |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | Basement Area 1,368 sq.ft. | Roof Surface Shake/Avg | Trim/Finish Wd/SV/Avg |
| [X] Existing [ ] Proposed [ ] Under Const | Basement Finish -0-% | Gutters & Downspouts None | Bath Floor Vinyl/Avg |
| Design (Style) 1 Story | [X] Outside Entry/Exit [ ] Sump Pump | Window Type Alum. Sliders/Avg | Bath Wainscot Fbgl/Avg |
| Year Built 1978 | Evidence of [ ] Infestation | Storm Sash/Insulated Dbl Pane | Car Storage [ ] None |
| Effective Age (Yrs) 40 | [ ] Dampness [ ] Settlement | Screens Yes | [ ] Driveway # of Cars |
| Attic [ ] None | Heating [ ] FWA [ ] HWBB [ ] Radiant | Amenities [X] WoodStove(s)# 2 | Driveway Surface Gravel |
| [ ] Drop Stair [ ] Stairs | [X] Other Zoanl Fuel Elect. | [ ] Fireplace(s) # [X] Fence Animal | [X] Garage # of Cars 2 |
| [ ] Floor [X] Scuttle | Cooling [ ] Central Air Conditioning | [X] Patio/Deck Enclsd [X] Porch | [ ] Carport # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other N/A | [ ] Pool [ ] Other | [ ] Att. [ ] Det. [X] Built-In |

Appliances [ ] Refrigerator [X] Range/Oven [ ] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer   Other (describe)
Finished area above grade contains: 6 Rooms   3 Bedrooms   2 Bath(s)   1,368 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.) The subject's improvements are of similar quality materials and of similar energy efficiency standards as other dwellings in the immediate neighborhood.
Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.). *** See Additional Comments ***

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No If Yes, describe
During inspection the appraiser observed the site and noted piles of materials, stored equipment and parts. The appraiser is not an environmental expert.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No If No, describe
The subject improvements conform to the neighborhood styles and use. The subject blends with other dwellings in the neighborhood.

RMPF Form 1004 May 2007   Page 1 of 6

Laxsno Appraisal Service

# Uniform Residential Appraisal Report

File # 8338

There are n/a comparable properties currently offered for sale in the subject neighborhood ranging in price from $ n/a to $ n/a
There are 3 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 170,000.00 to $ 200,000.00

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 202 Hoctor Rd Goldendale 98620 | 214 Rimrock Rd Goldendale, WA 98620 | | 1617 Hwy 97 Goldendale, 98620 | | 36 Wooded Ln Goldendale, 98620 | |
| Proximity to Subject | | 4.9 miles N | | 5.98 miles N | | 6.55 miles NE | |
| Sale Price | $ N/A | $ | 200,000 | $ | 170,000 | $ | 170,000 |
| Sale Price/Gross Liv. Area | $ N/A sq.ft. | $ 131.06 sq.ft. | | $ 121.60 sq.ft. | | $ 132.19 sq.ft. | |
| Data Source(s) | | Rmls#10028495 | | RMLS#9078112 | | RMLS#9067053 | |
| Verification Source(s) | | RMLS, Drive-by | | RMLS, Drive-by | | RMLS, Drive-by | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing Concessions | | Conv-None 6/25/2010 COE | | Conv-None 01/27/2010 COE | | Cash-None 12/07/2009 COE | |
| Date of Sale/Time | | 4/29/2010 CD | -10,900 | 11/20/2009 CD | -16,986 | 10/09/2009 CD | -18,530 |
| Location | Rural Residntl | Rural Residntl | | Rural Residntl | | Rural Residntl | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 20 Acres +/- | 4.17 Ac +/- | Smlr Mkt S | 42 Ac +/- | Smlr Mkt S | 20 Ac +/- | Smlr Mkt S |
| View | Territorial/Mtn | Territorial/Mtn | | Territorial/Mtn | | Territorial/Mtn | |
| Design (Style) | 1 Story | Ranch | | 2 Story, Farmhse | | 2 Story | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 1978 Blt/1970 Eff | 1980 Blt | (See Below) | 1890 Blt/1955 Eff | +11,500 | 1985 Blt/1970 Eff | |
| Condition | Fair | Average | | Fair | | Fair | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | -30,500 | Total Bdrms Baths | +2,500 | Total Bdrms Baths | |
| Room Count | 6  3  2 | 6  3  2 | | 5  2  1 | | 5  2  2 | |
| Gross Living Area | 1,368 sq.ft. | 1,526 sq.ft. | -3,950 | 1,398 sq.ft. | -750 | 1,286 sq.ft. | +2,050 |
| Basement & Finished Rooms Below Grade | -0- sf Fin 1368 SF Unfin Bsmt | No Basement None | +6,840 | No Basement None | +6,840 | No Basement None | +6,840 |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Zonal / no ac | ForcedAir/AC | -2,000 | BB no AC | | BB no AC | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | 2 Car Garage | No Garage | +7,000 | 4 Car Garage | -7,000 | No Garage | +7,000 |
| Porch/Patio/Deck | Porch/Enclsed Deck | Porch/Deck | | Porch/Deck | | Porch/Deck | |
| Fireplace/Stoves | 2 HeatStove | 1HeatStove | +1,000 | 1 Fplc | +1,000 | 1 Fplc | +1,000 |
| Amenities | Outbuildings | Outbuilding | +5,000 | Outbuildings | Similar | None Known | +10,000 |
| Days on Market | n/a | 24+/- DOM | | 48+/- DOM | | 56+/- DOM | |
| Net Adjustment (Total) | | + [X] - | $ -27,510 | + [X] - | $ -2,896 | [X] + - | $ 8,360 |
| Adjusted Sale Price of Comparables | | Net Adj. 13.76 % Gross Adj. 33.60 % | $ 172,490 | Net Adj. 1.70 % Gross Adj. 27.40 % | $ 167,104 | Net Adj. 4.92 % Gross Adj. 26.72 % | $ 178,360 |

[X] did  did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research  did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s) RMLS

My research  did [X] did not reveal any prior sales or transfers of the comparable sales for the prior year to the date of sale of the comparable sale.
Data Source(s) RMLS

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No Other Sales | No other sale noted | No other sale noted | No other sale noted |
| Price of Prior Sale/Transfer | preceding 36 months | preceding 12 months | preceding 12 months | preceding 12 months |
| Data Source(s) | RMLS | RMLS | RMLS | RMLS |
| Effective Date of Data Source(s) | 10/19/2010 | 09/23/2010 | 10/23/2010 | 10/23/2010 |

Analysis of prior sale or transfer history of the subject property and comparable sales No previous 3-1 year sales were located for either the subject or the comparables, Appr's. Data Base.

Summary of Sales Comparison Approach  Adjustments used in the grid for the Sales Comparison Approach were derived from data supplied by multiple listing and/or other competing data services. Consideration was given to market costs and the depreciation for the age and utility of the various components for each property. The adjustments used were compared to those used by other real estate professionals in the area and found to be in line with industry standards. There were in sufficient comparable sales available to statistically support sales price adjustments in this analysis. Normally, hundreds of relatively similar transactions are required to develop mathematical regression models with sufficient statistical significance to support these adjustments. In addition, all the factors contributing to these adjustments must be quantifiable. Therefore, the sales price adjustments made in the appraisal are necessarily subjective and intended to qualify the appraiser's judgment, analysis, and experience for the reader and are not supported by statistical evidence. *** See Page 3 for Additional Comments ***

Indicated Value by Sales Comparison Approach $168,500

Indicated Value by: Sales Comparison Approach $168,500   Cost Approach (if developed) $168,444   Income Approach (if developed) $NotDevlpd
*** See Additional Comments ***

This appraisal is made [X] "as is,"  subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,  subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or  subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair. This appraisal was prepared with the subject in 'as is' condition, under the Extraordinary Assumption that no adverse conditions are present.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 168,500 , as of 10/19/2010 , which is the effective date of this appraisal.

RMPF Form 1004 May 2007                              Page 2 of 6

Laxson Appraisal Service

## ADDITIONAL COMMENTS

**MARKET DATA COMMENTS:** The appraiser conducted an extensive search for properties with similar GLA, vintage, design/appeal and site size in the Goldendale Area. A search over the last 18 months produced 7 sales with dwellings on acreage parcels. Four of those sales were superior dwellings with the land use being different. Only 3 dwellings were considered indicators of value for the subject property. Due to the overall low volume of sales throughout the general market area, sales with closing dates over six months were considered and selected for presentation as C-2 and C-3. While dated, their closing dates are within the last 12 month period of time. A lack of similar comparable resales should not be construed as a lack of interest in the market area, but rather a function of the overall small population in the area as well as the sluggish national and regional economy. Diverse properties that have been personalized over time is also typical of the area. Consequently, sales selected for presentation are diverse with varying GLA, site size, design/appeal. The use of paired sales analysis becomes difficult and in some instances simply not possible. The adjustments made to the sales represent the appraiser's attempt to isolate and compensate for significantly dissimilar features. This has created a scenario in which C-1 has an excess line adjustment and consequently an excess gross adjustment. This is due primarily to the adjustment for the condition of C-1 and to a lesser degree the time adjustment. C-2 has an excess gross adjustment due to its age adjustment and its time adjustment, as well. C-3 has an excess line adjustment and gross adjustment due to the time adjustment. Excess percentage adjustments, again, is a function of the diversity of data. However, with the dearth of available sales for review and presentation, the sales presented are nevertheless indicators of value.

C-1 is located in the closest proximity to the subject being just under 5 miles. While on a smaller parcel of land its estimated site value is considered similar to that of the subject with no adjustment warranted for the difference in size. The interior of C-1 has been completely updated yielding its condition superior to that of the subject. It has only one outbuilding of smaller size when compared the subject's outbuildings.

C-2 is a formerly working farm but has been vacant for a number of years and has fallen into disrepair. A view of its interior shows a dwelling that has been updated in the past to a level commensurate with approximately 1955. There are numerous outbuildings in various levels of disrepair but generally of good quality construction. C-2's utility and use of the land is more similar to that of the subject than the other sales presented.

C-3 is a two story cabin type dwelling on 20 acres. It has been a rental in the past and most recently vacant falling into disrepair, as well. Its topography is rolling and heavily pine treed with some territorial views.

**ADJUSTMENTS:**
- Site adjustments normally take into account location and view as well as site size. Site size is factored less in the contribution to resale than location and view. The sales presented have site values with similar estimated market value in which no adjustment for size is warranted.
- Age differences were adjusted by $500/yr.
- The Gross Living Area differences were adjusted at $25/sf, Basement area at $5/sf
- Adjustments for differences in the number of bedrooms were included in the GLA adjustment.
- Ducted Heating systems were adjusted at their estimated contribution to resale.
- Garages were adjusted at $3,500 per car.
- Fireplaces/Woodstoves were adjusted at $1,000 each.
- Amenities such as Outbuildings and Bathroom counts were adjusted to reflect the individual amenity's contribution to resale.
- Due to a lack of market data closed sales were adjusted for time based on the Rmls Market Area Report, dated 9/2010, for Klickitat County, the report indicates 85 closed sales with a market decline of 10.9% per annum. A copy of the report is retained in the appraiser's work file.
- The adjusted sales provide a range of values from $167,104 to $178,360 with the opinion of value falling within the indicated value range. C-2 has been heavily weighted due to its similar function, utility and marketability. This is supported by the depreciated cost approach.

## COST APPROACH TO VALUE

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)

*** See Attached Land Sales ***

| ESTIMATED | REPRODUCTION OR | X | REPLACEMENT COST NEW | OPINION OF SITE VALUE | =$ | 58,500 |
|---|---|---|---|---|---|---|
| Source of cost data | Marshall & Swift Cost Hand Book/Bldrs. | | | Dwelling 1,368 Sq.Ft. @ $ 84.39 | =$ | 115,446 |
| Quality rating from cost service | Avg | Effective date of cost data 09/2010 | | BSMT 1,368 Sq.Ft. @ $ 21.30 | =$ | 29,138 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | 2 Heat Stvs, Enclsd Deck, Appliances, Porch | | 27,247 |
| Site Imprvmts. include water & sewage systems., Dwy & Indscpg. The | | | | Garage/Carport 576 Sq.Ft. @ $ 22.02 | =$ | 12,684 |
| use of the Cost Approach is not intended for insurance purposes, if | | | | Total Estimate of Cost-New | =$ | 184,515 |
| so used, its use is w/o warranty by the appraiser. Physical deprec. | | | | Less Physical Functional External | | |
| calculated by Age/Life Method. Econ Life based on 60 yrs. | | | | Depreciation 123,071 | =$( | 123,071 ) |
| | | | | Depreciated Cost of Improvements | =$ | 61,444 |
| | | | | 'As-Is' Value of Site Improvements | =$ | 9,500 |
| | | | | Outbuilding, Haycover | =$ | 39,000 |
| Estimated Remaining Economic Life (HUD and VA only) | | 20 | Years | Indicated Value By Cost Approach | =$ | 168,444 |

## INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $ N/A  X Gross Rent Multiplier  = $  NotDevlpd Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM) The income approach was considered but not used due to similar properties not being purchased for their income generating stream.

## PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)? [ ] Yes  [ ] No  Unit type(s) [ ] Detached  [ ] Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal name of project  This section does not apply to the subject property

Total number of phases  Total number of units  Total number of units sold
Total number of units rented  Total number of units for sale  Data Source(s)
Was the project created by the conversion of existing building(s) into a PUD? [ ] Yes  [ ] No  If Yes, date of conversion
Does the project contain any multi-dwelling units? [ ] Yes  [ ] No  Data Source(s)
Are the units, common elements, and recreation facilities complete? [ ] Yes  [ ] No  If No, describe the status of completion.  *** See Additional Comments ***

Are the common elements leased to or by the Homeowners' Association? [ ] Yes  [ ] No  If Yes, describe the rental terms and options

Describe common elements and recreational facilities

COPY-Original filed
DEC 08 2009
KLICKITAT COUNTY CLERK

# SUPERIOR COURT OF WASHINGTON
# COUNTY OF KLICKITAT

| | |
|---|---|
| In re the Marriage of:<br><br>THOMAS GAMBLE,<br>                     Petitioner,<br>and<br><br>DAWN GAMBLE,<br>                     Respondent. | No. 08 – 3 – 00029 – 9<br><br>[X] DECREE OF DISSOLUTION (DCD)<br>[ ] DECREE OF LEGAL SEPARATION (DCLGSP)<br>[ ] DECLARATION CONCERNING VALIDITY (DCINMG) (Marriage)<br>[ ] Clerk's action required<br>[ ] Law Enforcement Notification, ¶ 3.8 |

## I. Judgment/Order Summaries

### 1.1 Restraining Order Summary:
[X] Does not apply.  [ ] Restraining Order Summary is set forth below:

Name of person(s) restrained: _____. Name of person(s) protected: _____. See paragraph 3.8.

*Violation of a Restraining Order in Paragraph 3.8 Below With Actual Knowledge of its Terms is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.050.*

### 1.2 Real Property Judgment Summary:
[X] Does not apply.  [ ] Real Property Judgment Summary is set forth below:

Assessor's property tax parcel or account number:
Or
Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state):

See Page ____ for full legal description

### 1.3 Money Judgment Summary:
[ ] Does not apply.  [X] Judgment Summary is set forth below.

| | |
|---|---|
| A. Judgment creditor | DAWN GAMBLE |
| B. Judgment debtor | THOMAS GAMBLE |
| C. Principal judgment amount | $ 36,014 |
| D. Interest to date of judgment | $ 0 |
| E. Attorney fees | $ 0 |

*Decree (DCD) (DCLGSP) (DCINMG) - Page 1 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13    Doc 58    Filed 12/07/10    Entered 12/07/10 15:35:08    Pg 9 of 15

F. Costs $ 0
G. Other recovery amount $ 0
H. Principal judgment shall bear interest at __12__ % per annum
I. Attorney fees, costs and other recovery amounts shall bear interest at _____ % per annum
J. Attorney for judgment creditor ANTHONY H. CONNORS
K. Attorney for judgment debtor
L. Other:

## End of Summaries

## II. Basis

Findings of Fact and Conclusions of Law have been entered in this case.

## III. Decree

*It Is Decreed* that:

### 3.1 Status of the Marriage

[X] The marriage of the parties is dissolved.
[ ] The husband and wife are legally separated.
[ ] The marriage of the parties is invalid.
[ ] The marriage of the parties is valid.

### 3.2 Property to be Awarded the Husband

[ ] The husband is awarded as his separate property the property set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The husband is awarded as his separate property the property set forth in the separation contract or prenuptial agreement executed by the parties on (date) _____. The separation contract or prenuptial agreement is incorporated by reference as part of this Decree. The prenuptial agreement or, pursuant to RCW 26.09.070(5), the separation contract [ ] is [ ] is not filed with the court.
[X] The husband is awarded as his separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

✓ Residence                   ✓ Real Property
  3020 JD Tractor               2940 JD Tractor
  Manure Spreader               1978 Ford pickup
  1958 Dodge Truck              Powder River Squeeze
  Gates and Panels              Tools
  4430 JD Tractor               4330 JD Tractor

  2003 Ford pickup              Harrow Bed
  Swather                       Hot Walker
  Kawasaki                      Trailer Proceeds
  Flatbed Trailer               Chain Saws
  2 Small pickups             ✓ Real Property Improvements

[ ] Other:

*Decree (DCD) (DCLGSP) (DCINMG) - Page 2 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13   Doc 58   Filed 12/07/10   Entered 12/07/10 15:35:08   Pg 10 of 15

### 3.3 Property to be Awarded to the Wife

[ ] The wife is awarded as her separate property the property set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The wife is awarded as her separate property the property set forth in the separation contract or prenuptial agreement referenced above.
[X] The wife is awarded as her separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

    1989 Ford pickup                    2006 Ford Explorer

✓    Equalizing Judgment in the amount of $36,014.00

[ ] Other:

### 3.4 Liabilities to be Paid by the Husband

[ ] Does not apply.
[ ] The husband shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The husband shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.
[X] The husband shall pay the following community or separate liabilities:

| Creditor | Approximate Amount |
| --- | --- |
| Ford Truck | $10,000 |
| Kawasaki | $ 4,300 |
| WaMu Credit Card | $ 3,072 |
| Capital One Credit Card | $ 1,600 |
| Equalizing Judgment to Wife in the amount of: | $36,014 |

All outstanding debts incurred by Petitioner Husband before and after marriage

[ ] Other:

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

### 3.5 Liabilities to be Paid by the Wife

[ ] Does not apply.
[ ] The wife shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The wife shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.

*Decree (DCD) (DCLGSP) (DCINMG) - Page 3 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13   Doc 58   Filed 12/07/10   Entered 12/07/10 15:35:08   Pg 11 of 15

[X] The wife shall pay the following community or separate liabilities:

<u>Creditor</u>                                    <u>Amount</u>

All outstanding debts incurred by Respondent Wife before and after marriage

[ ]   Other:

Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

## 3.6 Hold Harmless Provision

[X]   Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.
[ ]   Other:

## 3.7 Maintenance

[X]   Does not apply.
[ ]   The [ ] husband [ ] wife shall pay maintenance as set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ]   Maintenance shall be paid as set forth in the separation contract or prenuptial agreement referenced above.
[ ]   The [ ] husband [ ] wife shall pay $ _____ maintenance. Maintenance shall be paid [ ] weekly [ ] semi-monthly [ ] monthly. The first maintenance payment shall be due on ____.

The obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance unless otherwise specified below:

Payments shall be made:
   [ ]   directly to the other spouse.
   [ ]   to the Washington State Child Support Registry (only available if child support is ordered).
   [ ]   to the clerk of this court as trustee for remittance to the other spouse (only available if there are no dependent children).

[ ]   If a maintenance payment is more than 15 days past due and the total of such past due payments is equal to or greater than $100, or if the obligor requests a withdrawal of accumulated contributions from the Department of Retirement Systems, the obligee may seek a mandatory benefits assignment order under Chapter 41.50 RCW without prior notice to the obligor.
[ ]   The Department of Retirement Systems may make a direct payment of all or part of a withdrawal of accumulated contributions pursuant to RCW 41.50.550(3).
[ ]   Other:

*Decree (DCD) (DCLGSP) (DCINMG) - Page 4 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13   Doc 58   Filed 12/07/10   Entered 12/07/10 15:35:08   Pg 12 of 15

| | | |
|---|---|---|
| **3.8** | | **Continuing Restraining Order** |

[X] Does not apply.
[ ] A continuing restraining order is entered as follows:
  [ ] The [ ] husband [ ] wife is restrained and enjoined from disturbing the peace of the other party.
  [ ] The [ ] husband [ ] wife is restrained and enjoined from going onto the grounds of or entering the home, work place or school of the other party, or the day care or school of the following named children: _____.
  [ ] The [ ] husband [ ] wife is restrained and enjoined from knowingly coming within or knowingly remaining within (distance) _____ of the home, work place or school of the other party, or the day care or school of these children: _____. other: _____.
  [ ] (Name) _____ is restrained and enjoined from molesting, assaulting, harassing, or stalking (name) _____.
  (The following firearm restrictions apply if this box is checked: Effective immediately and continuing as long as this continuing restraining order is in effect, the restrained person may not possess a firearm or ammunition. 18 U.S.C. § 922(g)(8). A violation of this federal firearms law carries a maximum possible penalty of 10 years in prison and a $250,000 fine. An exception exists for law enforcement officers and military personnel when carrying department/government-issue firearms. 18 U.S.C. § 925(a)(1).)
  [ ] Other:

***Violation of a Restraining Order in Paragraph 3.8 With Actual Knowledge of its Terms Is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.060.***

[ ] **Clerk's Action.** The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants. **(A law enforcement information sheet must be completed by the party or the party's attorney and provided with this order before this order will be entered into the law enforcement computer system.)**

**Service**
[ ] The restrained party or attorney appeared in court or signed this order; service of this order is not required.
[ ] The restrained party or attorney did not appear in court; service of this order is required. The protected party must arrange for service of this order on the restrained party. File the original Return of Service with the clerk and provide a copy to the law enforcement agency listed above.

**Expiration**
This restraining order expires on: (month/day/year) _____. This restraining order supersedes all previous temporary restraining orders in this cause

[ ] Any temporary restraining order signed by the court in this cause number is terminated. **Clerk's Action.** The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency where **Petitioner** resides which shall enter this order into any computer-based criminal intelligence

*Decree (DCD) (DCLGSP) (DCINMG) - Page 5 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13    Doc 58    Filed 12/07/10    Entered 12/07/10 15:35:08    Pg 13 of 15

system available in this state used by law enforcement agencies to list outstanding warrants.

**Full Faith and Credit**

Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States shall accord full faith and credit to the order.

**3.9 Protection Order**

[X] Does not apply.
[ ] The parties shall comply with the [ ] domestic violence [ ] antiharassment Order for Protection signed by the court on this date or dated _____, in this cause number. The Order for Protection signed by the court is approved and incorporated as part of this decree.

**3.10 Jurisdiction Over the Children**

[ ] Does not apply because there are no dependent children.
[X] The court has jurisdiction over the children as set forth in the Findings of Fact and Conclusions of Law.

**3.11 Parenting Plan**

[ ] Does not apply.
[X] The parties shall comply with the Parenting Plan signed by the court on this date or dated _of even date with this document_. The Parenting Plan signed by the court is approved and incorporated as part of this decree.

**3.12 Child Support**

[ ] Does not apply.
[X] Child support shall be paid in accordance with the Order of Child Support signed by the court on this date or dated _of even date with this document_. This order is incorporated as part of this decree.

**3.13 Attorney Fees, Other Professional Fees and Costs**

[X] Does not apply.
[ ] Attorney fees, other professional fees and costs shall be paid as set forth in the separation contract or prenuptial agreement referenced above.
[ ] Attorney fees, other professional fees and costs shall be paid as follows:

**3.14 Name Changes**

[ ] Does not apply.
[X] The wife's name shall be changed to (first, middle, last name) __Dawn Renee Holland__.
[ ] The husband's name shall be changed to (first, middle, last name) _____.

*Decree (DCD) (DCLGSP) (DCINMG) - Page 6 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13    Doc 58    Filed 12/07/10    Entered 12/07/10 15:35:08    Pg 14 of 15

3.15  Other

Dated: 12/8/09

E. Thompson Reynolds

**Judge/Commissioner**

Petitioner or petitioner's lawyer:
A signature below is actual notice of this order.
[X] Presented by:
[ ] Approved for entry:
[ ] Notice for presentation waived:

Anthony H. Connors/WSBA No. 20785        Date
Attorney for Respondent

Respondent or respondent's lawyer:
A signature below is actual notice of this order.
[ ] Presented by:
[ ] Approved for entry:
[ ] Notice for presentation waived:

Thomas Gamble, Petitioner        Date

*Decree (DCD) (DCLGSP) (DCINMG) - Page 7 of 7*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

LAW OFFICE OF ANTHONY H. CONNORS
1000 East Jewett Blvd., P.O. Box 1116
White Salmon, Washington 98672
509/493-2921 FAX 509/493-1345

10-03403-FLK13   Doc 58   Filed 12/07/10   Entered 12/07/10 15:35:08   Pg 15 of 15